Warren v. European Wax Center
Civil Complaint and Exhibits

USDC- BALTIMORE
'26 MAR 19 PM3:27

## Federal Complaint (Pro Se)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

Asjah Warren
1481 Pangbourne Way
Hanover, MD 21076
Plaintiff, Pro Se

HD

Rcv'd by: AN

v.

European Wax Center – Pasadena
8036 Governor Ritchie Hwy #1E
Pasadena, MD 21122

Defendant

Civil Action No. _____

# COMPLAINT

Plaintiff Asjah Warren files this Complaint against Defendants for retaliation, hostile work environment, and constructive discharge in violation of federal and Maryland employment law.

# I. JURISDICTION AND VENUE

1.  This action arises under **Title VII of the Civil Rights Act of 1964**, which prohibits retaliation against employees for engaging in protected activity.
2.  This Court has jurisdiction under 28 U.S.C. §1331 because the claims arise under federal law.
3.  Plaintiff also brings related claims under the Maryland Fair Employment Practices Act.
4.  Venue is proper in the District of Maryland because the unlawful employment practices occurred in Pasadena, Maryland.

# II. PARTIES

1.  Plaintiff Asjah Warren is a resident of Maryland.
2.  Plaintiff was employed by Defendant European Wax Center – Pasadena as a Wax Specialist.
3.  Defendant European Wax Center – Pasadena is an employer within the meaning of Title VII and the Maryland Fair Employment Practices Act.
4.  At all relevant times, Defendant acted through its managers, supervisors, and agents within the scope of their employment.

# III. FACTUAL ALLEGATIONS

1. Plaintiff began working for Defendant on or about November 18, 2023 as a Wax Specialist.
2. Plaintiff performed waxing services and customer care duties for clients.
3. Plaintiff was paid approximately $13.00 per hour plus tips and commissions.
4. Plaintiff was initially scheduled to work approximately 32–34 hours per week.
5. Approximately one month after Plaintiff requested a change to her schedule, Defendant reduced Plaintiff's scheduled hours from approximately 32–34 hours per week to approximately 28 hours per week, stating that business volume did not support the original schedule.
6. Plaintiff continued working under this reduced schedule.
7. On May 22, 2025, Plaintiff sent a written complaint to management raising concerns about unequal treatment, public criticism, disciplinary actions, and a hostile work environment. Plaintiff requested equitable treatment and expressed concern that she was being singled out compared to her coworkers. Plaintiff did not receive a meaningful response or resolution to her complaint.
8. After Plaintiff engaged in this protected activity, the treatment toward Plaintiff changed, and retaliatory conduct began.
9. Management further reduced Plaintiff's hours by approximately 5–9 additional hours per week beyond the prior reduction.
10. As a result of these reductions, Plaintiff's weekly hours were often reduced to approximately 20 hours per week.
11. These reductions significantly impacted Plaintiff's income, particularly because her earnings depended on hourly pay, tips, and service commissions.
12. Defendant also cut Plaintiff's shifts short and sent her home early while allowing other employees to work their full shifts. Other employees were permitted to maintain their schedules or were not subjected to similar reductions during the same time period.
13. Defendant interfered with Plaintiff's client bookings by moving her scheduled clients to other employees.
14. This reduced Plaintiff's earnings, which relied heavily on tips and commission from services.
15. Plaintiff was also subjected to increased observation and monitoring that other employees did not experience.
16. Defendant eventually suspended Plaintiff.
17. The continued retaliation and hostile treatment created severe financial instability for Plaintiff.
18. Plaintiff is a parent and relied on predictable hours and income to support herself and her child.
19. The reduction in hours and interference with Plaintiff's ability to earn income made continued employment financially unsustainable.
20. The hostile work environment and retaliation became intolerable.
21. As a result of Defendant's conduct, Plaintiff was forced to resign on or about August 17, 2025.
22. Plaintiff's resignation constituted constructive discharge.

# IV. EEOC CHARGE

1. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.
2. The EEOC assigned **Charge Number 531-2025-04111.**
3. On **January 9, 2026,** the EEOC issued a **Notice of Right to Sue.**
4. Plaintiff has filed this action within ninety days of receiving the Notice.

# V. COUNT I – RETALIATION (TITLE VII)

1. Plaintiff incorporates the preceding paragraphs.
2. Plaintiff engaged in protected activity by raising concerns about workplace treatment.
3. Defendant subjected Plaintiff to adverse employment actions after she engaged in protected activity.

These actions included:

- reduction in work hours
- disciplinary write-ups
- suspension
- interference with client bookings
- increased monitoring and scrutiny

4. Defendant's actions were motivated by retaliation for Plaintiff's protected activity.
5. As a direct result of Defendant's retaliation, Plaintiff suffered financial losses and emotional distress.

# VI. COUNT II – HOSTILE WORK ENVIRONMENT

1. Plaintiff incorporates the preceding paragraphs.
2. Defendants subjected Plaintiff to ongoing hostility, unfair scrutiny, and disciplinary treatment.
3. The conduct was severe or pervasive enough to alter the conditions of Plaintiff's employment.
4. Defendants failed to correct the hostile conditions.

# VII. COUNT III – CONSTRUCTIVE DISCHARGE

1. Plaintiff incorporates the preceding paragraphs.
2. Defendants created working conditions that were intolerable.
3. A reasonable person in Plaintiff's position would have felt compelled to resign.
4. Plaintiff therefore resigned on August 17, 2025 due to the intolerable working conditions.

# VIII. DAMAGES

As a result of Defendants' conduct, Plaintiff suffered:

- lost wages and lost earning capacity
- emotional distress
- financial hardship
- other damages permitted by law

# IX. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Award compensation for lost wages and lost earnings.

B. Award damages for emotional distress.

C. Award punitive damages where permitted by law.

D. Award court costs and any other relief the Court deems appropriate.

# X. REQUEST TRIAL BY JURY

Plaintiff/Defendant demands a trial by jury on all issues so triable.

Date: March 19, 2020

Respectfully submitted,

Asjah Warren
Plaintiff, Pro Se